Mary **RICHARD**, Plaintiff,

v.

**McDONNELL DOUGLAS CORPORATION**, Defendant.

No. 71 C 646(3).

United States District Court, E. D. Missouri, E. D.

Jan. 8, 1975.

Liberman & Baron, St. Louis, Mo., for plaintiff.

Bryan, Cave, McPheeters & McRoberts, St. Louis, Mo., for defendant.

## MEMORANDUM AND ORDER

WANGELIN, District Judge.

This matter is before the Court for decision on the merits following the trial to the Court sitting without a jury.

Plaintiff, Mary Richard (herein Richard), brought this suit pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. against the defendant, McDonnell Douglas Corporation, (herein McDonnell Douglas) on the grounds that certain employment practices of the defendant as applied to the plaintiff were discriminatory on the basis of plaintiff's sex, which was a violation of the aforecited statute. Plaintiff prays for relief in the form of payment of lost wages, and reasonable attorneys' fees. The Court being fully apprised of the premises hereby makes the following findings of fact and conclusions of law.

### Findings of Fact

1. This Court has jurisdiction over the subject matter of this suit and the parties hereto pursuant to 42 U.S.C. § 2000a–6.

2. Plaintiff, Mary Richard, first went to work for the defendant, McDonnell Douglas Corporation, in September, 1950, and remained there until 1970.

3. Plaintiff was, prior to May of 1965, a contract coordinator.

4. In May of 1965, the defendant asked plaintiff to take on the job of a

coordinator for certain aircraft equipment. Plaintiff asserts that this job was formerly held by a man who was classified as a senior contract coordinator. Plaintiff further asserts that although she accepted this job and satisfactorily performed it, she was never reclassified as a senior contract coordinator, and that other male employees who advanced to positions of this nature were reclassified as senior contract coordinators.

5. The Court finds that no credible evidence concerning this alleged discrimination was presented to it and that plaintiff has failed to prove this alleged discrimination.

6. Plaintiff also asserts that on various occasions since 1964, other male members in plaintiff's department were either promoted or transferred to higher grade jobs but that this opportunity was denied to her, even though those male employees on many occasions had less seniority and fewer job qualifications for the better jobs.

7. Again, the Court finds that the evidence presented to it concerning this alleged discrimination was not credible and that plaintiff has failed to prove any discrimination.

8. Other supposed discriminatory activities that the defendant engaged in were alleged by the plaintiff to be: that she was not given adequate help and services by stenographers and other clerical personnel as opposed to male employees; that her telephone was not answered, that her desk was moved frequently and placed in locations inconvenient for communication with necessary co-workers; and that she was burdened with extra duties in directing new personnel and correcting their work to a much greater extent than men in similar positions.

9. This Court finds that in regards to these alleged acts of discrimination that plaintiff has failed to prove the existence of any discrimination in this regard.

10. As a result of the alleged discrimination, plaintiff asserts that she became depressed and discouraged about her job, and in January, 1969, at the suggestion of defendant's agent she sought medical advice. By the use of medications, plaintiff recovered to the point that she could continue to do her work, but she alleged that discriminatory conditions as discussed above did not improve and in fact got worse. In November and December of 1969, plaintiff sought further medical assistance, and continued working. Plaintiff then asserts that the situation became so intolerable that she tendered her resignation in March of 1970. Although this resignation was accepted, McDonnell Douglas later reinstated the plaintiff and she worked for two weeks in August of 1970, but still allegedly found the situation to be intolerable and discriminatory. Defendant, thereafter, placed the plaintiff on sick leave.

11. On August 12, 1970, plaintiff was cleared to return to work, and returned to work in the same department in which she had previously worked.

12. Plaintiff continued to allege that the discriminatory conditions which she had complained of had not been relieved and remedied. She, therefore, on August 17, 1970, requested a transfer to a different department of McDonnell Douglas.

13. The defendant attempted to the best of its ability to transfer plaintiff to another department but was not able to find a position within the company for which she was qualified.

14. On August 28, 1970, defendant having been unable to transfer the plaintiff, plaintiff was placed on sick leave by the defendant.

15. Throughout the time that defendant placed plaintiff on sick leave, defendant continued to pay plaintiff her

salary and allowed plaintiff to maintain other employment for up to thirty-eight (38) hours per week for which plaintiff received extra salary from other employers.

16. The Court finds that plaintiff, Mary Richard, has failed to carry the necessary burden of proof to recover for any alleged discriminatory actions on the part of the defendant. Plaintiff's evidence concerning discrimination is simply not credible to this Court as the trier of fact.

17. In addition to the non-credibility of plaintiff's evidence, the Court finds that defendant's evidence showed that defendant was more than generous towards the plaintiff in granting sick leave and various benefits and in fact granted her more latitude in employment practices than would have normally been granted to other employees.

18. It is clear to this Court as the trier of fact that defendant's actions were based upon good business reasons and practices, and were not for any discriminatory purpose or design forbidden by the statute under which this suit is brought.

### Conclusions of Law

■■ In a bench-tried case such as this one, it becomes the Court's responsibility to determine, from the totality of the circumstances and the proof thereof, whether or not the plaintiff was discriminated on the basis of her sex, which would be a violation of the statute. In all cases brought under the aegis of the Civil Rights Act of 1964, the burden of proof falls upon the plaintiff to prove by a preponderance of the evidence that the acts complained of were discriminatory. *Christian* v. *General Motors Corp.*, 341 F.Supp. 1207 (E.D. Mo., 1972). It is this Court's carefully considered opinion that plaintiff has failed to carry her burden of proof in this case.

It was noted throughout the trial of this case that the evidence produced was of an overwhelming manner favorable to the defendant and that all the evidence presented by the plaintiff was rebutted.

■ When the record of this case is viewed as a whole, it becomes quite obvious that defendant, McDonnell Douglas Corporation, in no way discriminated against the plaintiff, Mary Richard. The Court notes that in many instances the defendant was very solicitous of the health of plaintiff. This was shown by the defendant's agents' actions in seeking to have the plaintiff rescind her resignation and apply for sick leave. The fact that McDonnell Douglas continued to pay plaintiff's salary during this sick leave and even allowing plaintiff to maintain other employment while she was receiving sick pay is of great weight to this Court. The totality of the evidence gives the impression of solicitous concern for a valued employee, rather than any discrimination based upon sex.

Since this was a bench-tried case, this Court is faced with the responsibility of assessing the credibility of witnesses and evidence presented to it by both sides. In the present case, this Court can come to no other conclusion other than the plaintiff, Mary Richard, has failed to prove by a preponderance of the evidence that she was discriminated against on the basis of sex. In consequence, judgment will be entered for the defendant.